## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## MISSOULA DIVISION

| | |
|---|---|
| TYRONE EVERETT PAYNE, | Cause No. CV 10-00056-M-DWM-JCL |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION FOR ORDER REQUIRING ACCESS TO LAW LIBRARY |
| CITY OF MISSOULA and BEN SLATER, | |
| Defendants. | |

Pending is Plaintiff Tyrone Payne's Motion for Order.  Mr. Payne is asking the Court to enter an Order requiring the prison to permit Mr. Payne to use the prison law library throughout the pendency of this litigation.

While convicted prisoners have a fundamental right of meaningful access to the courts, *Bounds v. Smith*, 430 U.S. 817 (1977), the scope of that right is quite limited.  The right of access to the courts

> guarantees no particular methodology but rather the
> conferral of a capability–the capability of bringing the
> contemplated challenges to sentences or conditions of
> confinement before the courts . . .   [It is this capability]
> rather than the capability of turning pages in a law library,

that is the touchstone

of the right to access to courts.  *Lewis v. Casey*, 518 U.S. 343, 356-57 (1996).

Prisoners need only have "the minimal help necessary" to file legal claims. *Casey,* 518 U.S. at 360.  The Constitution does not even mandate "that prisoners (literate or illiterate) be able to conduct generalized research, but only that they be able to present their grievances to the courts." *Casey*, 518 U.S. at 360.

Prison officials may select the best method to ensure that prisoners will have the capability to file suit.  *Casey*, 518 U.S. at 356. Prisons "might replace libraries with some minimal access to legal advice and a system of court-provided forms . . . that asked inmates to provide only the facts and not to attempt any legal analysis." *Casey*, 518 U.S. at 352.

Moreover, the right of access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or to litigate them effectively once filed with a court.  *Casey*, 518 U.S. at 354-55; *Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995).  It requires

prison officials to provide the tools necessary only for inmates to "attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Casey,* 518 U.S. at 356.

The Court will not interfere with the internal functions of the prison unless or until there has been a judgment finding that a violation of the United States Constitution is being perpetrated by that facility. Jail officials are given deference in day-to-day jail operations due to separation of powers and federalism concerns. *Turner v. Safley,* 482 U.S. 78, 84-85 (1987).

Mr. Payne has already filed his lawsuit, he has successfully amended his complaint, and the Court has ordered service of his case upon Defendants. At this point he has no constitutional right to access to the law library.

This is not to say that Mr. Payne will not or should not have access to the law library regularly permitted by the prison. Generally, inmates at Montana State Prison have access to legal materials. The Court will just not interfere in that aspect of prison's internal functioning.

ORDER - PAGE 3

Accordingly, the Court issues the following:

## ORDER

1.  Mr. Payne's Motion for Order (Court Doc. 11) is **DENIED**.

2.  At all times during the pendency of this action, Mr. Payne SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except that if Mr. Payne has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 16th day of June, 2010.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

ORDER - PAGE 4