IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| TYRONE EVERETT PAYNE,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF MISSOULA and BEN SLATER,<br><br>Defendants. | Cause No. CV 10-00056-M-DWM-JCL<br><br>ORDER DENYING MOTIONS FOR SUBPOENAS |

Pending are Plaintiff Tyrone Payne's Motions for Subpoenas. (Court Docs. 17 and 18). Mr. Payne is asking the Court to issue an Order requiring the Missoula Police Department to file the video recorded by Officer Slater and secondly to require a court reporter with the state District Court in Missoula to file a transcript from Mr. Payne's state criminal proceeding. The Motions will be denied.

Mr. Payne's request for the video evidence is something that can and should be accomplished through discovery done pursuant to the Federal Rules of Civil Procedure. The Court will issue a scheduling order setting forth a schedule for discovery in this matter as soon as

1

Officer Slater has been served and has filed a responsive pleading. Discovery requests should not be filed with the Court (See D. Mont. Local Rule 26.2) and the Court will not become involved in discovery disputes absent the moving party's compliance with Fed.R.Civ.P. 29 and D. Mont. Local Rule 7 and 26.3(c).

Similarly, the Court will not require a state court reporter to produce a transcript of a proceeding without payment. There is a process to obtain state court transcripts and Mr. Payne must utilize that process to obtain his transcript. Just because the Court has granted Mr. Payne permission to proceed in forma pauperis does not mean he is entitled to transcripts from other courts at no cost.

The in forma pauperis statute, 28 U.S.C. § 1915, permits the waiver of prepayment of fees and costs for in forma pauperis litigants. *See* 28 U.S.C. § 1915(a). But "[t]here is no provision in the statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Tabron v. Grace*, 6 F.3d 147, 159 (3rd Cir. 1993)(*citing Moss v. ITT Continental Baking Co.,* 83 F.R.D.

2

624, 625 (E.D.Va. 1979) (quoting *Haymes v. Smith,* 73 F.R.D. 572, 574 (W.D.N.Y. 1976))).

Accordingly, the Court issues the following:

## ORDER

1. Mr. Payne's Motions for Subpoenas (Court Docs. 17 and 18) are **DENIED**.

2. At all times during the pendency of this action, Mr. Payne SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 22nd day of June, 2010.

                                    */s/ Jeremiah C. Lynch*
                                    Jeremiah C. Lynch
                                    United States Magistrate Judge