IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| TYRONE EVERETT PAYNE,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF MISSOULA and BEN SLATER,<br><br>Defendants. | Cause No. CV 10-00056-M-DWM-JCL<br><br>ORDER |

Pending is Plaintiff Tyrone Payne's Motion to File Discovery Under Seal. (Dkt. 41). Local Rules provide that discovery documents, such as the ones attached to Payne's motion, are not routinely filed. L.R. 26.2(a). But if a party believes discovery documents should be filed, the party may "move that the document be filed, stating the reasons and authority supporting the movant's position." L.R. 26.2(b).

Payne seeks to file discovery documents which he contends support his pending Motion for Interlocutory Summary Judgment. The documents were produced by Defendant City of Missoula in response to Payne's discovery requests.

One specific document at issue in Payne's motion contains

Defendant Ben Slater's social security number and his date of birth. Payne argues the City of Missoula's conduct in producing the referenced document containing private information "presumes and/or infers" that the City is discriminatory.  He contends the document demonstrates that the City has no qualms about engaging in discriminatory conduct, including discriminating against its own officers by disclosing "unsolicited personal information[.]"

The Court will characterize Payne's motion as a request for leave to file discovery pursuant to L.R. 26.2(b).  In view of Payne's contentions regarding the relevance of the documents, the Court will allow the documents to be filed.  Whether the documents have any probative value, however, will be assessed in the resolution of Payne's summary judgment motion.

Payne also cites Federal Rule of Civil Procedure 5.2(d) in his motion.  Rule 5.2(d) gives the Court authority to order a document containing private information be filed under seal without redaction. Although the Court will permit Payne's documents to be filed, it will not be necessary to file them under seal.  The actual identity of Slater's

social security number and his date of birth are not relevant to Payne's arguments.  What is significant, in Payne's opinion, is the fact that the City disclosed Slater's private information to Payne.  Therefore, there is no need to retain the date of birth and social security number information in the record in this case, and the information must be redacted.  Consequently, there is no need to file the documents under seal.

As indicated, the private information must be redacted.  If a party intends to file a document which contains, inter alia, a social security number or a date of birth, Fed. R. Civ. P. 5.2(a) requires the party to redact those numbers before the document is filed with the court.  Thus, even though the City of Missoula produced the documents to Payne without redaction, he is not authorized to submit the documents to the Court until after he has redacted any private information as described in Rule 5.2(a).  Payne failed to redact Slater's private information before he submitted the documents to the Court.  For future reference, Payne must comply with Rule 5.2(a).

Under the circumstances of this case, and because Payne's

proposed documents are currently lodged with the Court under seal, the Court will not require Payne to redact the documents. Instead, the Court will direct the Clerk of Court to redact the information for Payne.

Accordingly, IT IS HEREBY ORDERED that Payne's Motion to File Discovery Under Seal (Court Doc. 41) is GRANTED in part. The Court will permit the documents to be filed after they are redacted as directed below. Because Slater's actual social security number and date of birth is not relevant, and because that information will be redacted, it is not necessary to file Payne's discovery documents under seal. Therefore, Payne's motion is DENIED in that respect.

Payne states that upon his submission of the discovery documents to the Court he "has no[] further copy." Therefore, the Clerk of Court is directed to retain a copy of the discovery documents submitted by Payne, and return the original unredacted discovery documents to Payne.

The Clerk of Court shall redact Slater's social security number and his date of birth information from the discovery document entitled "Montana Law Enforcement Academy - Law Enforcement Officers

Basic Course - Student Transcript" and stamped "CITY000009." Once redacted, the Clerk of Court shall file all of the discovery documents Payne submitted with his motion. The filing shall not be sealed. The Clerk of Court is also directed to make a docket text entry to reflect that the information redacted from the discovery documents was Slater's social security number and date of birth.

Finally, the Clerk of Court is further direct to eliminate or delete the Lodged Sealed Document (Dkt. 42) from the record in this case.

DATED this 5th day of August, 2010.

    /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge