

**FILED**

OCT 2 6 2010

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| TYRONE EVERETT PAYNE, | ) | CV 10-56-M-DWM-JCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CITY OF MISSOULA and BEN SLATER, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Tyrone Payne, a state prisoner proceeding pro se, has filed an

Amended Complaint under 42 U.S.C. § 1983 alleging violations of his

constitutional rights stemming from a traffic stop in Missoula by Defendant

Officer Ben Slater. Payne alleges the stop was in violation of the Fourth

Amendment and the Equal Protection Clause of the Fourteenth Amendment

because it was racially motivated.

-1-

Plaintiff Payne and Defendant City of Missoula have each filed motions for summary judgment. United States Magistrate Judge Jeremiah C. Lynch considered the motions and issued Findings and Recommendations in which he concludes that the City of Missoula's motion for summary judgment should be granted and Payne's motion for summary judgment should be denied. Judge Lynch also recommends the Court grant summary judgment in favor of Defendant Slater *sua sponte*. The Defendants are entitled to summary judgement on the Fourth Amendment claim, Judge Lynch finds, because the undisputed facts show that Officer Slater had probable cause to initiate the traffic stop. As for the Equal Protection claim, Judge Lynch concludes that summary judgment should be granted in favor of the Defendants because the Plaintiff has not produced evidence sufficient to allow a reasonable trier of fact to find the traffic stop was the product of racial discrimination.

Plaintiff Payne timely objected, thereby preserving his right to de novo review of the record. 28 U.S.C. § 636(b)(1). Payne complains that Judge Lynch failed to consider Payne's evidence, presented in the form of a hand-drawn map presumably generated by Payne (Doc. No. 47-1), indicating that Officer Slater first observed Payne while Payne was pumping gas at the intersection of South Avenue and Reserve Street. Payne says Officer Slater turned on his dashboard video recorder at that time. The evidence is significant, Payne contends, because it

-2-

shows that Officer Slater knew Payne was an African-American and that Officer Slater began to follow Payne's car for that reason, and not because of any subsequent irregular driving or traffic violations.

This objection is not well taken. Payne's version of events is at odds with the record. Payne insists, both on his map and in his written objections, that the dashboard video begins with Officer Slater's cruiser at the intersection of South Avenue and Reserve Street. That is simply not the case. See Doc. No. 30. The video begins with Officer Slater's cruiser situated directly behind Payne's vehicle at what is clearly the intersection of Reserve Street and Brooks Street. It shows Payne's vehicle turning left onto Brooks Street after a lurching start, and then drifting to the far left edge of the lane before returning to the center of the lane. Payne's vehicle begins its leftward drift at the 0:53 mark. This is consistent with Officer Slater's affidavit stating that he manually activated his dashboard video camera after observing the drift, and upon doing so captured video beginning 60 seconds before manual activation. See Doc. No. 35-2 at 3. Payne's objection is contingent upon a mischaracterization of the evidence and is therefore unpersuasive.

Payne next objects that Judge Lynch failed to recognize that a genuine issue of material fact exists as to whether Payne's nervousness at being followed by a police car caused him to make the illegal turn for which he was stopped. This

objection fails because it does not address a material fact. The cause of Payne's

illegal turn is irrelevant for purposes of his Fourth Amendment claim because

there is no dispute that the illegal turn took place. Regardless of what motivated

Payne to turn onto the far right lane of Stephens Avenue, the fact is that the turn

was a violation of Mont. Code Ann. § 61-88-333(1)(b), giving Officer Slater

probable cause to believe a traffic violation had occurred. See Virgina v. Moore,

553 U.S. 164, 176 (2008).

Payne's final objection pertains to the Equal Protection claim. Payne

objects to Judge Lynch's reliance on Bingham v. City of Manhattan Beach, 341

F.3d 939 (9th Cir. 2003), arguing that Bingham "involved none of Payne's

undisputed facts." Doc. No. 57 at 6. Payne does not articulate any distinctions

between the facts in Bingham and the facts here, except to obliquely allege the

existence of a discriminatory "custom" in the Missoula Police Department. In

support of this allegation Payne cites portions of the Defendants' Statement of

Undisputed Facts which show that Payne's cousin, Kevin Michael Payne, is an

African-American Missoula resident who is known to Missoula law enforcement

and to Officer Slater personally through past law enforcement contacts. Doc. No.

35 at 3; Doc. No. 35-2 at 3. Contrary to Plaintiff Payne's position, local law

enforcement's familiarity with Kevin Michael Payne is not sufficient evidence to

allow a reasonable trier of fact to find that the Missoula Police Department has

adopted a discriminatory custom, let alone to find that the traffic stop in this case was a product of that custom. Judge Lynch's reliance on Bingham is sound and summary judge in favor of the Defendants is warranted.

Having considered Plaintiff Payne's objections, and upon de novo review, I agree with Judge Lynch's Findings and Recommendations (Doc. No. 56) and adopt them in full.

Accordingly, IT IS HEREBY ORDERED that Plaintiff Payne's motion for summary judgment (Doc. No. 30) is DENIED, and Defendant City of Missoula's motion for summary judgment (Doc. No. 32) is GRANTED. The Court grants summary judgment in favor of Defendant Slater *sua sponte*. The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

The Clerk of Court shall have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. Payne failed to produce sufficient evidence to support his claims and as such no reasonable person could suppose that an appeal would have merit.

DATED this ___26___ day of October, 2010.

_____
Donald W. Molloy, District Judge
United States District Court

-5-